IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 4:17-865 |
| v. | |
| JIM TRACY MILLER | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 29th day of March, 2018, between the United States of America, as represented by United States Attorney BETH DRAKE, Assistant United States Attorney Jim May; the Defendant, **JIM TRACY MILLER**, and Defendant's attorney, Jim Hoffmeyer.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to plead guilty to Count 1 and 2 of the Indictment now pending, which charges "Hobbs Act Conspiracy," a violation of Title 18, United States Code, § 1951 (Count 1) and "Hobbs Act Robbery," a violation of Title 18, United States Code, § 1951 (Count 2).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

a. the defendant agreed with one or more persons,

1

    b.    to commit a robbery, that is take an item by force or the threat of force from another,

    c.    that affected interstate commerce, and

    d.    did so knowingly.

The penalty for this offense is:

Up to 20 years in prison, a fine of up to $250,000, up to 3 years supervised release, and a special assessment of $100.

### Count 2

a. the defendant did rob, that is take an item by force or the threat of force from another,

b. in and affecting interstate commerce, and

c. the defendant did so knowingly.

The penalty for this offense is:

Up to 20 years in prison, a fine of up to $250,000, up to 3 years supervised release, and a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are

minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant

    agrees to cooperate fully with the Government in identifying all victims.

  C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4

## Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

   a. the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

   b. all additional charges known to the Government may be filed in the appropriate district;

   c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

   d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is

deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw her plea.

8.  Provided the Defendant cooperates and complies with all the terms of this Agreement, the Government agrees that it will not attempt to directly use any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement in any pending or future prosecution. The Defendant agrees that the Government may make derivative use of such information as it sees fit. The Defendant also understands that this agreement does not apply to restrict any such information:

    a.  known to the Government prior to the date of this Agreement;

    b.  concerning the existence of prior convictions and sentences;

      c.    in a prosecution for perjury or giving a false statement; or

      d.    in the event the Defendant breaches any of the terms of the Plea Agreement.

### Merger and Other Provisions

9. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crime, stemming from the incidents on May 16, 2016, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the 15th Circuit Solicitor's Office. Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed by the 15th Circuit Solicitor's Office.

10. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable

8

evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that

9

affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

12. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 360 months actual incarceration, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw his FRCRP 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States may seek the maximum sentence

allowed by law and the Defendant will not be allowed to withdraw his plea.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

---

3-27-2018
Date

_JIM TRACY MILLER_, DEFENDANT

3/27/18
DATE

JIM HOFFMEYER & MATT Sinclef
ATTORNEYS FOR THE DEFENDANT

BETH DRAKE
UNITED STATES ATTORNEY

3/29/18
Date

WILL LEWIS
ASSISTANT UNITED STATES ATTORNEY

3/29/18
Date

JIM MAY (#11355)
ASSISTANT UNITED STATES ATTORNEY

11

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 4:17-865 |
| **DEFENDANT'S NAME:** | JIM TRACY MILLER |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**McMillan Federal Building**
**401 West Evans Street**
**Florence, SC 29501**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER **(<u>Do Not send cash</u>)**

ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT

13